Paul E. Danielson, Justice, concurring. My analysis of this case differs from the majority’s in that I would address the doctrine of laches as it pertains to Courtyard Gardens’ argument' that Bennie Jean Quarles lacked the requisite capacity to execute a power of attorney. The Estate preserved its laches defense by raising it in response to Courtyard Gardens’ motion for summary judgment. The doctrine of laches is based on a number of equitable principles that are premised on some detrimental change in position made in reliance upon the action or inaction of the other party. See, e.g., Cochran v. Bentley, 369 Ark. 159, 251 S.W.3d 253 (2007). It is based on the assumption that the party to whom laches is imputed has knowledge of his rights and the opportunity to assert them, that by ■reason of his delay some adverse party has good reason to believe that those rights are worthless or have been abandoned, and that because of a change of conditions during this delay it would be unjust to the latter to permit him to assert them. See id. The laches defense requires a detrimental change in the position of the one asserting the'doctrine, as well as an unreasonable delay by the one asserting his rights against whom laches is invoked. See, e.g., Felton v. Rebsamen Med. Ctr., Inc., 373 Ark. 472, 284 S.W.3d 486 (2008). The application of the doctrine to each case depends on its [-^particular circumstances. See, e.g., Royal Oaks Vista, L.L.C. v. Maddox, 372 Ark. 119, 271 S.W.3d 479 (2008). The issue of laches is one of fact, and a reviewing court does not reverse a circuit court’s decision on a question of fact unless it is clearly erroneous. See id. • Kenny Quarles initiated this litigation on January 27, 2011, when he filed his. initial complaint as power of attorney for his mother, who was incapacitated at that time. Courtyard Gardens proceeded to litigate the matter for four years before it finally filed its motion for summary judgment on January 30, 2015, asserting for the first time that Kenny Quarles did not have' standing because his niother lacked capacity to execute the power of attorney. During those four years, the parties engaged in discovery, scheduled trial dates and mediation, and litigated Courtyard Gardens’ motion to compel arbitration. Courtyard Gardens pursued an appeal on the issue-of arbitration, and we issued an opinion holding that there was nó valid arbitration agreement. Courtyard Gardens Health & Rehab., LLC v. Quarles, 2013 Ark. 228, 428 S.W.3d 437. In addition, upon his. mother’s death, Kenny Quarles filed a motion seeking to be substituted as party plaintiff in his capacity as special -administrator of her estate, which the circuit court granted without objection from-Courtyard Gardens. Still, during all of that, time, Courtyard Gardens never asserted or pursued the threshold defense of standing in spite of the fact that it had access to Bennie Jean Quarles’s medical records, which called into question her capacity at the relevant time. See Grand Valley Ridge, LLC ,v. Metro. Nat’l Bank, 2012 Ark. 121, at 9, 388 S.W.3d 24, 31 (stating that “[w]e treat the question of standing to sue as a threshold issue”). During the long pendency of this litigation, Courtyard Gardens never argued that Kenny Quarles was not the proper person to bring suit. | sunder the particular circumstances of this case, this constituted an unreasonable delay on the part of Courtyard Gardens. Moreover, during that four-year period, the statute of limitations on the Estate’s claims expired, which easily demonstrates prejudice. See Cochran, 369 Ark. at 170, 251 S.W.3d at 263 (stating that the doctrine of laches requires “a showing of some sort that the party asserting the doctrine has suffered or changed its position as a result.of the lack of diligence or delay in assertion of rights”). In my view, Courtyard Gardens’ motion for summary judgment on the issue of Bennie Jean Quarles’s capacity was barred by laches because (1) Courtyard Gardens had knowledge of its potential standing defense and its opportunity to assert it; (2) by reason of its delay, the Estate had good reason to believe that the defense had been abandoned; and (3) because of the expiration of the statute of limitations during the delay, it would be unjust to permit Courtyard Gardens to assert the defense. See id. However, in light of the fact that Courtyard Gardens raised an alternative, independent ground to support summary judgment — namely, that the power of attorney was invalid because it had not been properly acknowledged — and because laches does not apply on that issué, I must concur in the result reached by the majority. • Brill, C.J., and Hart, J., join in this concurrence.